**UNITED STATES of America, Appellee,**

v.

**Richelle SUTHARD, Appellant.**

No. 86–5026.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 26, 1987.

Decided June 16, 1987.

David C. Roehrenbeck, Fairfax, Va., on brief, for appellant.

Henry E. Hudson, U.S. Atty., Alexandria, Va., Michael K. Fee, Sp. Asst. U.S. Atty., and John C. Belcher, Asst. U.S. Atty., on brief, for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Richelle Suthard appeals from her conviction on one count of transporting stolen firearms in interstate commerce, in viola-

tion of 18 U.S.C. § 922(i).[1] Finding the evidence insufficient to support her conviction, we reverse.

## I

Suthard was a prostitute operating in the District of Columbia. In early December 1984, she and another woman approached and solicited a man named Freeman on a Washington, D.C., street. He suggested that the three of them go to his residence in Alexandria, Virginia. After arriving at his apartment, they consumed alcoholic drinks. Suthard and Freeman then went into his bedroom to engage in sex. After Suthard disrobed, however, Freeman observed needle marks on Suthard's upper leg and declined to have any physical contact with her. They returned to the living room where someone suggested that Freeman go to a neighborhood convenience store for sandwiches. He left the two women alone in his apartment for approximately fifteen minutes while he purchased the sandwiches. On his return, Suthard was leaving the apartment carrying a bag that Freeman later described as larger than a purse. Shortly thereafter, the other woman also departed. Freeman then inventoried his apartment and found that numerous United States Savings Bonds and handguns were missing. The missing guns were part of his collection of World War II weapons.

Later that month, Suthard picked up another customer in Washington, D.C. The customer knew Suthard and previously had paid her for engaging in sexual activities. On this occasion, he took her to his apartment where they engaged in sex. He informed her afterwards, however, that he had no money to pay her. Suthard then produced several United States Savings Bonds and asked the customer to cash them for her at his bank. He did so, endorsing them in his own name, and gave her the proceeds. The government established at trial that these were the savings bonds that had been stolen from Freeman's apartment.

Two months later, in late February 1985, Suthard again appeared at Freeman's apartment. She told him that she knew a man who had some of his guns at a Washington, D.C., address. She said that she could retrieve the guns for $200. The two drove to the address. Freeman gave Suthard $200 and waited while she went inside. After thirty minutes, however, he gave up waiting for the disappeared Suthard.

Suthard was later indicted on a multicount indictment, but was convicted of only two offenses—stealing the savings bonds and transporting stolen firearms from Virginia to the District of Columbia. She now appeals from the firearms conviction,[2] contending that there was not sufficient evidence to support the jury's finding that she transported the stolen guns from Virginia to the District of Columbia.

## II

Our review of Suthard's sufficiency contention is governed by the oft-repeated standard we most recently recited in *United States v. Flowers*, 813 F.2d 1320 (4th Cir.1987).

> In reviewing a jury verdict of guilty, an appellate court must examine the evidence in the light most favorable to the government. [citations omitted] A decision to overturn a jury verdict for want of substantial evidence must be confined to cases where the prosecution's failure to meet its burden of proof is clear. [citations omitted] As this court has stated, "[t]he relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have

---

1. "It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen." 18 U.S.C. § 922(i).

2. Suthard has not appealed her conviction for the savings bonds theft.

found the defendant guilty beyond a reasonable doubt." [citations omitted]

*Id.* at 1324 (quoting *United States v. MacDougall,* 790 F.2d 1135, 1151 (4th Cir.1986).

Although this standard is heavily weighted in favor of jury verdicts, we are persuaded that the evidence presented at trial was not sufficient to establish the critical interstate transportation element of a § 922(i) violation.

The government on appeal constructs a ladder of inferences, which it contends provides circumstantial support for the jury's verdict. Suthard was present in Freeman's apartment when the guns and bonds were stolen and was observed leaving with a bag larger than a purse. The bonds later turned up in Suthard's possession in the District of Columbia. Suthard returned to Virginia, representing that the guns were in the District of Columbia. A high-school student testified at trial that he purchased an automatic pistol in the District of Columbia from someone other than Suthard. The gun was identified as one that had been stolen from Freeman's apartment in June 1985 (four months after Suthard was last present there). The student also testified to purchasing two .38 caliber revolvers from a white woman in the District of Columbia, but was unable to identify Suthard as the seller. Although these latter guns were never identified as being part of the stolen collection, the government argues that, based on all of the foregoing facts, the jury could properly infer that Suthard stole the firearms in question and transported them to the District of Columbia. We disagree.

While it is true that the government need not have excluded every possibility but that of guilt, *see Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954); *United States v. Buck,* 804 F.2d 239, 242 (2d Cir.1986), it was required to present evidence from which the jury could fairly and logically conclude that Suthard transported stolen weapons in interstate commerce. The inferential steps it invites us to follow do not support such a conclusion.[3] At bottom, the government's evidence against Suthard established nothing more than that some guns were stolen when she and another prostitute were present at the apartment in December 1984. There was no evidence that Suthard possessed any of these firearms in the District of Columbia or that she transported them there. Indeed, there was no evidence that any of the guns stolen from the apartment in December 1984 were ever taken to the District of Columbia.[4]

In view of the above, the judgment of the district court on Suthard's conviction for violation of 18 U.S.C. § 922(i) is reversed.

REVERSED.

---

**3.** The cases the government cites do not support its evidentiary theory. In each of the decisions the defendant was found in possession of the stolen firearms in a state other than that from which they had been stolen, and the jury was permitted to infer that the defendant had transported them across the state line. *See, e.g., United States v. Buck,* 804 F.2d 239, 242–43 (2d Cir.1986).

**4.** The fact that Suthard possessed the stolen savings bonds in the District of Columbia was not proof that she also transported firearms from Virginia to the District. Similarly, the

high-school student's testimony raised no inference of culpable conduct on Suthard's part. He could not identify Suthard as the woman from whom he purchased the .38 caliber revolvers and the revolvers were not identified as part of the stolen collection. The automatic that he purchased from another person was not stolen on the night Suthard was present at Freeman's apartment. The government's evidence showed that guns were stolen from his apartment on at least three different occasions. On the latter two occasions, he had invited another prostitute to spend the night at his apartment.